UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA for the Use and Benefit of SHAMROCK PLUMBING, LLC, SHAMROCK PLUMBING, LLC, a Utah limited liability company,<br><br>        Plaintiff,<br><br>  v.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation; LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation,<br><br>        Defendants. | 1:08-cv-0602 OWW DLB<br><br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Cut-Off: 6/24/09<br><br>Non-Dispositive Motion Filing Deadline: 7/10/09<br><br>Dispositive Motion Filing Deadline: 7/24/09<br><br>Settlement Conference Date: 7/9/09 10:00 Ctrm. 9<br><br>Pre-Trial Conference Date: 10/5/09 11:00 Ctrm. 3<br><br>Trial Date: 11/17/09 9:00 Ctrm. 3 (JT-7 days) |

I.   Date of Scheduling Conference.

    August 6, 2008.

II.  Appearances Of Counsel.

    Hunt Ortman Palffy Nieves Lubka Darling & Mah, Inc., by Joseph Huprich, Esq., appeared on behalf of Plaintiffs.

    McNeil, Silvera, Rice & Riley by Mark J. Rice, Esq., appeared on behalf of Defendants Miller/Watts Construction and St. Paul Fire and Marine Insurance Co.

1

Wolkin-Curran, LLP by Kristin Kerr, Esq., appeared on behalf of Defendant Liberty Mutual Insurance Company.

III. Summary of Pleadings.

    1.   Plaintiff Shamrock, entered into a subcontract agreement ("Subcontract") with UPA California for the performance of plumbing work on the Curry Village Employee Housing Project located in Yosemite, California ("Project").  Shamrock claims a sum of $335,431 remains due and owing on the subcontract.

IV. Orders Re Amendments To Pleadings.

    1.   The parties do not currently anticipate amending the pleadings, but reserve the right to do so.

V. Factual Summary.

    A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.   Miller Watts Constructors, Inc. ("Miller/Watts"), as a general contractor, entered into an agreement with the United States of America, by and through the National Parks Service, Contract No. 1443C8000050912 for the Project.

        2.   Miller/Watts entered into a subcontract agreement with UPA California.

        3.   UPA California entered into second-tier subcontract agreement with Shamrock for the performance of plumbing work on the project.

        4.   The Use Plaintiff, Shamrock Plumbing, LLC, is a Utah limited liability company.

        5.   Defendant St. Paul Fire and Marine Insurance Company is a Minnesota corporation licensed to do and doing business in California.

B.    Contested Facts.

1.    The Project encountered issues with various construction delays.  The source of the delays are at issue, as well as the damages related to the delays.

2.    Miller/Watts contends that all payments due to UPA California were made.  This issue is contested.  Various UPA California subcontractors also claim that they were not paid in full.  This issue is also contested.  Payment issues include, but are not limited to, validity of requested change orders, back charges and offsetting claims.

3.    There is a pending AAA arbitration involving Miller/Watts, UPA California, St. Paul, Liberty and several subcontractors scheduled for February 2009.  UPA California has filed for bankruptcy.  Therefore, the arbitration as to claims against UPA California is stayed.  The parties are meeting and conferring as to whether issues related to Shamrock's present claim may be resolved at the pending arbitration.  Shamrock is currently not a party to the arbitration.  There may be an issue as to whether UPA must join Shamrock into the arbitration, or if Shamrock could be joined by another party.  The parties are meeting and conferring on this issue as well, as it relates to arbitration joinder, standing and bankruptcy stay scope.

4.    Shamrock's compliance with the Miller Act is contested.

5.    Shamrock's compliance with the bonds under which it is seeking recovery is contested.

6.    The date upon which Shamrock completed its work on the Project is contested.

**VI. Legal Issues.**

    **A. Uncontested.**

        1. Jurisdiction exists under 28 U.S.C. § 1331 and 40 U.S.C. §§ 3131-3133.

        2. Venue is proper under 28 U.S.C. § 1391.

        3. In a Miller Act case, Federal law governs the Miller Act bonds and the owner's plan specifications and contracts. As to non-Miller Act bonds, the law of the State of California provides the rule of decision.

    **B. Contested.**

        1. Shamrock's compliance with the legal requirements of the Miller Act is contested.

        2. Shamrock's compliance with the legal requirements under the bonds is contested.

        3. Whether Shamrock's complaint was timely filed is contested.

**VII. Consent to Magistrate Judge Jurisdiction.**

    1. The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

**VIII. Corporate Identification Statement.**

    1. Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities. A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

///

IX. Discovery Plan and Cut-Off Date.

    1.   The parties shall make their Rule 26 disclosures on or before September 5, 2008.

    2.   Scope of discovery: Pursuant to F.R. Civ. Pro. Rule 26(b), and except as the Court may order after a showing of good cause, the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claims or defense of any other party."

    3.   Discovery Limitations: Unless otherwise stipulated between the parties or ordered by the court pursuant to F.R. Civ. Pro. Rule 26(b)(2), the parties agree to limit discovery as follows:

        a.   Depositions:

           (1)   Each side may take no more than ten (10) depositions.

           (2)   A deposition shall be limited to one (1) day of seven (7) hours. F.R. Civ. Pro. Rule 30(d).

        b.   Interrogatories:

           (1)   "[A]ny party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts." F.R. Civ. Pro. Rule 33(a).

    4.   Supplemental Discovery: Pursuant to F.R. Civ. Pro. Rule 26(e), the parties agree to supplement their disclosures and amend their responses to discovery requests in a timely manner.

    5.   The parties are ordered to complete all non-expert discovery on or before April 24, 2009.

    6.   The parties are directed to disclose all expert witnesses, in writing, on or before April 6, 2009. Any

supplemental or rebuttal expert disclosures will be made on or before May 6, 2009.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    7.   The parties are ordered to complete all discovery on or before June 24, 2009.

    8.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions.  Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

    1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before July 10, 2009, and heard on August 14, 2009, at 9:00 a.m. before Magistrate Judge Dennis L. Beck in Courtroom 9.

    2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.   All Dispositive Pre-Trial Motions are to be

filed no later than July 24, 2009, and will be heard on August 31, 2009, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

XI.  Pre-Trial Conference Date.

    1.   October 5, 2009, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII. Motions - Hard Copy.

    1.   The parties shall submit one (1) courtesy paper copy to the Court of any motions filed that exceed ten pages and any motions that have exhibits attached.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIII.  Trial Date.

    1.   November 17, 2009, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   This is a jury trial.

    3.   Counsels' Estimate Of Trial Time:

7

        a.   5-7 days.

4.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

## XIV. Settlement Conference.

1.   A Settlement Conference is scheduled for July 9, 2009, at 10:00 a.m. in Courtroom 9 before the Honorable Dennis L. Beck, United States Magistrate Judge.

2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly

marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.    The Confidential Settlement Conference Statement shall include the following:

        a.    A brief statement of the facts of the case.

        b.    A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c.    A summary of the proceedings to date.

        d.    An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

        e.    The relief sought.

        f.    The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV.    Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1.    None presently requested.  However, it is expected that critical issues will be determined in the upcoming arbitration involving the Project, in February 2009.  Among these indemnity claims by Miller Watts Construction, Inc. against bankrupt UPA's surety, Liberty Mutual, as to who is obligated to defend and

indemnify as to the Shamrock claim and others by subcontractors of UPA claiming to be unpaid. The arbitration also will address broadly many delay issues and disputes over responsibility as between UPA, its subs, Watts and NPS as to cause of delay and cost of delay. As such, the present trial should take place at a point in time after the various Project issues are resolved through arbitration.

XVI. Related Matters Pending.

1.   U.S. District Court Eastern District of California: *Viking Automatic Sprinkler Company v. UPA California, et al.*, Case No. 2:08-cv-00363 LKK EFB; *P2 Construction Management v. Miller Watts Constructors, Inc., et al.*, Case No. 1:07-cv-01850 AWI SMS; *MC Painting v. UPA California, et al.*, Case No. 1:08-cv-0467 LJO GSA. California Superior Court, Mono County; *Metco Engineering v. Liberty Mutual Insurance Company*, Case No. 16180 (stayed pending arbitration); *Haro v. St. Paul & MarineI*, (stayed pending arbitration). American Arbitration Association: *Watts Constructors v. UPA California, et al.*, Case No. 74-110-Y-00130-07. United States Bankruptcy Court District of Nevada: *In re: UPA Group, Inc.; UPA California, et al.*, Case No. 08-50488-GWZ.

2.   Potential for Consolidation: Miller/Watts and its surety St. Paul Fire and Marine have asked the other parties to the related cases to stipulate to consolidation of these cases, as well as a discovery stay other than document exchange pending completion of the AAA arbitration, for judicial economy in case management of these trailing collection cases pending the AAA outcome, and for party cost efficiency since the outcome of the arbitration may obviate the need for extensive discovery.

**XVII.     Compliance With Federal Procedure.**

1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

**XVIII.    Effect Of This Order.**

1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **August 6, 2008**                    **/s/ Oliver W. Wanger**
                                                            UNITED STATES DISTRICT JUDGE